Hillsborough
No. 85-560

ROGER AND DENISE LEBLANC

v.

DAVID G. PUBLOW, M.D.

March 5, 1987

*Moquin & Daley P.A.*, of Manchester (*Richard C. Moquin* on the brief, and *Edmund P. Daley* orally), for the plaintiffs.

*Ransmeier & Spellman*, of Concord (*Diane L. Perin* on the brief, and *Lawrence S. Smith* orally), for the defendant.

BATCHELDER, J. In this medical malpractice action, the jury returned a verdict for the defendant, and the plaintiffs appeal on the ground that the Superior Court (*Goode*, J.) erred by admitting the deposition of a non-party witness without a showing of unavailability, in violation of Rule 804 of the New Hampshire Rules of Evidence (hereinafter Rule 804). We affirm the verdict because the deposition was admissible under RSA 517:1, which was still in effect at the time of the trial and which prevailed over Rule 804, pursuant to Rule 100 of the Rules of Evidence (hereinafter Rule 100).

Plaintiff Roger LeBlanc sought treatment from the defendant, David G. Publow, M.D., for an elbow injury he had suffered fifteen years earlier as a child. The defendant removed sections of bone from the arm. Later, Dr. Publow operated to reduce pressure on the plaintiff Roger LeBlanc's ulnar nerve. Mr. LeBlanc was disappointed with the results of these operations: at trial he testified to having less range of motion, less strength, and more pain after the operations. Mr. LeBlanc subsequently consulted Dr. Richard P. Hockman for an evaluation for his elbow, but Dr. Hockman believed nothing more could be done.

The plaintiffs filed this action, alleging that Dr. Publow had performed unnecessary surgery and had performed it incorrectly. At trial, both sides presented an expert witness. In addition, the defendant read into evidence Dr. Hockman's deposition, which included Dr. Hockman's expert opinion that Dr. Publow's professional service had been adequate.

At the deposition, the plaintiffs' attorney objected to questions seeking Dr. Hockman's expert opinion concerning the adequacy of Dr. Publow's treatment, and, at trial, the plaintiffs' attorney objected to introduction of any part of the deposition. Since these two objections are the foundation of the appeal before us, we examine the events pertinent to them.

The plaintiffs have alleged in their brief and at oral argument that the defendant did not list Dr. Hockman as an expert witness in response to the plaintiffs' interrogatories. At the deposition, the defendant's counsel questioned Dr. Hockman about his examination of Mr. LeBlanc's elbow and also inquired at some length regarding Dr. Hockman's opinion concerning the quality of Dr. Publow's treatment of Mr. LeBlanc. Plaintiffs' counsel objected to that

inquiry, but on cross-examination probed Dr. Hockman for bias and for lack of knowledge as an expert. Counsel chose not to cross-examine Dr. Hockman on the content of his opinion. The defendant's pre-trial statement expressly reserved the right to read into evidence any depositions. By a motion *in limine*, the plaintiffs requested that Dr. Hockman be precluded from giving expert testimony. At the close of evidence on the second day of trial, the defendant notified the court and plaintiffs' counsel that he intended to use Dr. Hockman's deposition. At that time, plaintiffs' counsel specified the objectionable parts of the deposition. At the opening of the third day of trial, the court ruled the deposition admissible. After Dr. Publow's testimony in the afternoon of the third day, the entire deposition was read into evidence.

The plaintiffs argue that the deposition is hearsay. They continue that the hearsay deposition is not admissible unless, pursuant to Rule 804(b)(1), the proponent shows the declarant is unavailable. Unavailability, they argue, is defined by five criteria listed in Rule 804(a) and, in the instant case, is defined by the fifth of these:

"(a) *Definition of unavailability.* 'Unavailability as a witness' includes situations in which the declarant—

(1) is exempted by [privilege]; or

(2) [refuses to obey a court order to testify]; or

(3) [testifies to lack of memory]; or

(4) [has died or is medically incapacitated]; or

(5) is absent from the hearing and the proponent of the witness' statement has been unable to procure the witness' attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the witness' attendance or testimony) by process or other reasonable means."

The defendant clearly made no attempt to show the existence of any of these five criteria. The defendant counters that RSA 517:1, now repealed, permitted the use of depositions unless the adverse party procured the witness's presence at the trial: "The deposition of any witness in a civil cause may be taken and used at the trial, unless the adverse party procures him to attend so that he may be called to testify when the deposition is offered." RSA 517:1 (repealed by Laws 1986, 210:1, II, effective January 1, 1987).

Rule 100 states that the rules of evidence "shall govern all cases in which trial commences on or after July 1, 1985, and shall be effective to the extent they are not inconsistent with statutory law in effect on that date [and until the inconsistent statute is repealed]. . . ." The plaintiffs argue that RSA 517:1 and Rule 804(a) can be construed to be consistent with each other by interpreting Rule

804(a) to require the proponent of a deposition to make a prima facie showing that the witness is unavailable as defined in the rule and by then interpreting RSA 517:1 to permit the adverse party to rebut the prima facie showing by procuring the attendance of the witness.

■ We do not accept the plaintiffs' argument. Rule 804(a)(5) permits admission of the deposition only if the proponent cannot procure the witness to testify. In contrast, RSA 517:1 admitted the deposition unless the adverse party actually procured the witness to testify. The legislature's repeal of RSA 517:1 is additional evidence of inconsistency. If the legislature had believed RSA 517:1 was consistent with Rule 804(a), it would have had no need to repeal it. If RSA 517:1 bore the meaning urged by the plaintiffs, then the adverse party would have had to convince the witness to waive a privilege or recant an earlier refusal, help the witness regain his memory or his health, or find the witness when the other party was unable to do so through customary court process. Put simply, this result is unmanageable and we reject it.

■ The plaintiffs argue, in the alternative, that even if RSA 517:1 controls, the defendant failed to give adequate notice of his intent to use the deposition. We note that the statute did not expressly require the proponent to notify the adverse party of such intent, but, on the facts we explored above, the defendant met any reasonable requirement we might infer.

*Affirmed.*

All concurred.